D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANLEY ELEY,

               Petitioner,

                                                   **MEMORANDUM & ORDER**

            - against -                                07-cv-3787 (NGG)

CHAIRMAN ROBERT DENNISON, New York
State Division of Parole,

               Respondent.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 5, 2007, pro se petitioner Stanley Eley ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction in Queens County, New York of two counts of Robbery in the Second Degree. Petitioner claims that he was denied his right to a fair trial by an impartial jury because the jury foreman gave incorrect answers to questions during voir dire. For the reasons set forth below, the Petition is denied.

I.     **FACTUAL BACKGROUND**

On July 29, 2003, after the jury rendered its guilty verdict, Petitioner moved the trial court to set aside the verdict on the basis of a post-trial statement made by James Hamlett ("Hamlett"), the jury foreman, that directly contradicted his statement during voir dire that he had never previously served on a jury. In response to Petitioner's motion, the trial court held a hearing to determine whether improper conduct by Hamlett resulted in prejudice to Petitioner's substantial rights.

At this hearing, held on January 12, 2004, Hamlett testified that he had served on a jury approximately every four years from 1970 until Petitioner's trial in 2003. Several of these trials

were criminal trials. (Hearing Tr. at 3-7.) Hamlett recalled being asked before trial regarding the questionnaire he had filled out, and vaguely recalled being questioned regarding question number 15 on the questionnaire, "Have you ever served on a state or federal grand jury? Have you ever served on a state or federal trial jury?" (Id. at 10.) However, he did not recall what he answered in response to the question. (Id. at 11.) Hamlett did recall, however, that he answered "yes" when asked at the end of trial if he had served on a jury before. (Id. at 15.) Hamlett stated that his prior jury service did not affect his deliberations in any way and that he had made every effort to be candid when answering questions during voir dire. (Id. at 15-17.)

After Hamlett was dismissed by the trial judge and the attorneys argued the motion, the trial judge notified the parties that Hamlett had brought in the actual questionnaire he had filled out before voir dire. Hamlett was then summoned back into the courtroom for re-questioning. (Id. at 27.) The questionnaire revealed that Hamlett had changed his answer to question 15 on his questionnaire — the question regarding prior jury service — from no to yes. (Id. at 28.) Hamlett testified that he had changed his answer on the same day he had received the questionnaire, before he was questioned at voir dire, and that he could not explain why he answered no to question 15 even though he had earlier corrected the same mistake on his questionnaire. (Id. at 31, 34.)

On March 15, 2004, the trial judge issued an opinion in which she credited Hamlett's testimony that he "tried to answer all questions accurately to the best of his ability, based his verdict only on the evidence before him, and did not allow his prior jury service to affect his jury deliberations in any way." Finding that Hamlett's conduct did not affect any of Petitioner's substantial rights, she denied Petitioner's motion to set aside the verdict.

## II. DISCUSSION

Because the state appellate court rejected Petitioner's claim, see People v. Eley, 31 A.D.3d 662 (New York App. Div. 2006), Petitioner can succeed here only if he can demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has determined that a party alleging unfairness based on undisclosed juror bias must "first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip. v. Greenwood, 464 U.S. 548, 556 (1984).

Here, although Petitioner has demonstrated that Hamlett failed to honestly answer question 15 relating to prior jury service, he has not demonstrated that a correct response would have provided a valid basis for a challenge for cause. Prior jury service alone does not disqualify a juror from subsequent service on a jury, and Petitioner has not pointed the court to any circumstances that in combination with Hamlett's prior jury service would have disqualified Hamlett. See United States v. Torres, 128 F.3d 38, 46 (2d Cir. 1997) (jury service at a prior trial involving the same witnesses and similar offenses as current trial is not automatically disqualifying). Therefore, as Petitioner has not satisfied the requirements of the McDonough test, his claim fails.

## III. CONCLUSION

For the reasons set forth above, the Petition is DENIED. As Petitioner has not made a

3

substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), in forma pauperis status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 9, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge